# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Janet Mavis Marcusse,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-1025 (CKK) |
| | : | |
| **United States Department** | : | |
| **of Justice Office of Information** | : | |
| **Policy** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This FOIA action is before the Court on Defendants' Supplemental Response with regard to the Internal Revenue Service's ("IRS") release of records on December 21, 2012, in which defendant has moved for summary judgment. Defs.' Supplemental Response [Dkt. # 41]. This is the remaining issue in this case involving multiple federal agencies and agency components. *See* Aug. 26, 2013 Order [Dkt. # 38] (granting defendants' motion for dispositive relief on all other claims against the FBI and the IRS); Aug. 12, 2013 Order [Dkt. # 36] (granting defendants' motion for dispositive relief as to the Executive Office for United States Attorneys, the Office of Information Policy, the Department of the Treasury, and the Board of Governors of the Federal Reserve System). For the following reasons, the Court will grant summary judgment to defendants on the remaining issue and will enter judgment accordingly.

Plaintiff requested "records pertaining seemingly to every aspect of her criminal case" prosecuted in the United States District Court for the Western District of Michigan. Aug. 12, 2013 Mem. Op. [Dkt. # 37] at 2. In the instant filing, defendant has addressed plaintiff's "questions [surrounding] the authenticity of some of the more than 10,000 pages the IRS

1

produced to her on December 21, 2012." Aug. 26, 2013 Mem. Op. [Dkt. # 39] at 1. The IRS' declarant describes the released documents as "copies of all the government's proposed trial exhibits [and] copies of additional trial exhibits that were introduced by the government as [plaintiff's criminal] trial proceeded" and states that those same documents were produced to plaintiff during her criminal trial. Supplemental Decl. of Stephen M. Corcoran [Dkt. # 41-1] ¶¶ 4-5. After the trial, the IRS received copies of the trial exhibits from the United States Attorney's Office in Grand Rapids, Michigan, and stored them at the IRS's Grand Rapids office. *Id*. ¶ 7.

In response to plaintiff's FOIA requests, the declarant sent the copies of the trial exhibits "to an IRS facility to be scanned into text-searchable PDF files and placed on DVDs. Each page of the files was later Bates stamped for the purpose of organization" and produced to plaintiff in December 2012 via DVDs. *Id*. ¶ 9. Exhibits consisting of video recordings (58 and 58a) were indicated by a cover sheet describing the exhibits but the recordings were not transcribed. *Id*. ¶ 10. Since the U.S. Attorney's Office "had provided copies of [the recordings] to plaintiff prior to or during her criminal trial," the declarant suggests that "plaintiff could check the records she received in [] response to her FOIA requests against the documents she received at the time of her trial." *Id*. ¶ 10. The declarant goes on to provide a reasonable explanation as to why "a complete copy of government exhibit 59a," consisting of a transcript of an audio recording, was not included on the DVDs and has remedied this omission by producing a complete copy of the exhibit, which initially did not include the first thirty pages. *Id*. ¶¶ 11-12. The declarant states that the omission was not "an[] intentional withholding" but rather were pages that were "inadvertently omitted from the set of exhibits" forwarded from the U.S. Attorney's Office. *Id*. ¶ 12. The declarant further states that the IRS documents produced to plaintiff "were not

fabricated, tampered with, falsified, or subjected to any intentional impropriety," and reasonably surmises that such misconduct "would have [served] no purpose" since "plaintiff already possessed the [same] documents." *Id*. ¶ 13.

Plaintiff counters that the release has resulted in her discovery of "unlawful and fraudulent schemes . . . perpetuated upon [her] to fix the outcome of her 2005 criminal trial." Pl.'s Mot. Objecting to Def. IRS's Supplemental Response Opposing Def. IRS's Renewed Mot. for Summ. J., and Requesting Relief from Default Judgment of Aug. 26, 2013 Under FRCvP 55(c) [Dkt. # 44] at 1. Plaintiff argues variations of this theme also to support her "request" for relief from "default judgment," concluding that "[a]s a result, consideration by this Court should be given to the unusual circumstances . . . where [plaintiff] can now establish that not just governmental wrongdoing or misconduct occurred in her prosecution, but multiple violations of federal criminal statutes wherein even her court-appointed counsel can be shown to have colluded with the IRS, FBI, and Office of U.S. Attorney to engage in these fraudulent schemes against her." *Id*. at 4.

Plaintiff's motion to vacate default judgment is based on an erroneous premise. The Court did not enter a default or default judgment against plaintiff and, indeed, considered "any of plaintiff's arguments" that could reasonably be construed as opposing defendants' arguments for summary judgment. *See* Aug. 26, 2013 Mem. Op. at 1 (treating plaintiff's arguments advanced in her motion to reconsider as her opposition notwithstanding her failure to file a timely opposition). Plaintiff's motion for relief from judgment [Dkt. # 45] therefore will be denied.

Plaintiff's counterarguments to defendant's arguments in the Supplemental Response reflect a basic misunderstanding about the scope of the FOIA. In a FOIA action, the district court is authorized only to determine whether an agency has improperly withheld records and, if

so, to compel the release of improperly withheld records. *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 196 (D.C. Cir. 1991) (citing 5 U.S.C. § 552(a)(4)(B)). Except in limited circumstances not present here, neither the requester's identity nor the purpose for the request is relevant in a FOIA analysis. *See Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010), quoting *North v. Walsh*, 881 F.2d 1088, 1096 (D.C .Cir. 1989) ("In sum, North's need or intended use for the documents is irrelevant to his FOIA action; his identity as the requesting party 'has no bearing on the merits of his . . . FOIA request.' "); *accord Stonehill v. IRS*, 558 F.3d 534, 538-40 (D.C. Cir. 2009) (differentiating FOIA's "disclosure regime" from "the discovery regime" during litigation). Hence, plaintiff's arguments focusing on how the released documents relate to her criminal conviction are simply unavailing in this forum.

Plaintiff also challenges for the first time the IRS's search for responsive records, its withholding of documents, and its claim that she had not exhausted her administrative remedies. *See* Mem. of P. & A. in Support of Pl.'s Mot. Objecting to Defendant IRS's Supplemental Response, Opposing Defendant IRS's Renewed Mot. for Summ. J., and Requesting Relief from Default Judgment of Aug. 26, 2013 under FRCvP 55(c) [Dkt. # 44-1] at 9-13. Save the issue at hand, the Court has granted summary judgment to the IRS. *See* Aug. 26, 2013 Mem. Op. at 5-6, 11-15, 23-24. The Court will not consider plaintiff's arguments advanced for the first time at this late stage of the proceedings that she had every opportunity to present during the scheduled briefing period. *See* July 24, 2013 Min. Order (observing that "[t]he time plaintiff expended to prepare her arguments in support of [yet another enlargement] motion should have been used to prepare her opposition").

The Court has documented plaintiff's lack of diligence in prosecuting this case because of her focus on other litigation in other courts. *See* July 26, 2013 Supplement to the Min. Order

Issued July 24, 2013, Denying Plaintiff's Motion to Reconsider [Dkt. # 35]; July 11, 2013 Order [Dkt. # 33]. In light of plaintiff's history of seeking to prolong these proceedings, the Court even granted her nearly two months, until December 6, 2013, to respond to the Defendants' Supplemental Response and warned her that since she was allowed a lengthy time period to respond "any motions for additional time to comply . . . will be viewed unfavorably and might not be granted." Oct. 4, 2013 Order [Dkt. # 42]. Still, plaintiff moved on December 11, 2013, for a seven-day extension to file her response, but the Clerk did not receive her response until December 26, 2013. The Court "reluctantly" granted the enlargement motion and allowed plaintiff's voluminous "response," including a 67-page "Partial Statement of Material Facts as to Which There is a Genuine Dispute" [Dkt. # 44-2], to be filed. *See* Dec. 30, 2013 Min. Order. To avoid prejudice to defendants and further delay in bringing this matter to an end, the Court has considered only those arguments in plaintiff's filing that respond to the limited question defendants were directed to (and did) address in their supplemental filing.

## CONCLUSION

For the foregoing reasons, the Court finds no materially disputed fact remaining in this FOIA case and concludes that defendants are entitled to judgment on all claims. A separate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
DATE: January 10, 2014   United States District Judge